**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUVENTINO MORALES JUAREZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security, et<br>al.,<br><br>　　　　　　　　　　　Respondents. | Case No.:  3:26-cv-03910-RBM-BJW<br><br>**ORDER GRANTING IN PART<br>PETITION FOR WRIT OF HABEAS<br>CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Juventino Morales Juarez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED IN PART**.

## I.　　BACKGROUND

Petitioner, a citizen of Mexico, entered the United States without inspection on or about April 2, 2002.  (Doc. 1-2 at 4.)  On June 15, 2025, the United States Department of Homeland Security ("DHS") issued a Notice to Appear charging Petitioner as removable under Immigration and Nationality Act ("INA") section 212(a)(6)(A)(i).  (Doc. 1 ¶ 12.) Petitioner was then arrested and taken to Otay Mesa Detention Center, where he remains today.  (*Id.* ¶¶ 5, 14.)  Petitioner has not received a bond hearing because the immigration courts do not have jurisdiction under *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).  (*Id.* ¶ 17.)  The Parties set forth no additional information regarding Petitioner.

On July 7, 2026, Petitioner filed his Petition.  (Doc. 1.)  The Court set a briefing schedule the next day.  (Doc. 2.)  Respondents filed their Response to Petition on July 15, 2026.  (Doc. 4.)  Petitioner filed his Traverse on July 16, 2026.  (Doc. 5.)

## II.   **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   **DISCUSSION**

Petitioner claims that his detention without a bond hearing violates the Fifth Amendment's Due Process Clause, the Eighth Amendment, and the Suspension Clause. (Doc. 1 ¶¶ 23–42.)  Respondents argue that the Petition fails to sufficiently plead that Petitioner is entitled to relief (*see* Doc. 4 at 1–3 (citing Fed. R. Civ. P. 8)), but "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)" (*id.* at 3–4).

In light of Respondents' non-opposition, and the Court's previous orders concerning similarly situated petitioners, the Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and "his arrest and detention without a meaningful bond hearing [therefore violated] the Due Process Clause." *See N.A. v. LaRose*, No. 3:25-CV-03028-RBM-DEB, 2025 WL 3512412, at *5 (S.D. Cal. Dec. 8, 2025) (finding a petitioner who was not apprehended upon arrival and resided in the United States for 17 years was detained pursuant to § 1226(a) and entitled to a bond hearing).  The Court therefore finds that

3:26-cv-03910-RBM-BJW

Petitioner is entitled to a bond hearing.[1]

The Parties disagree as to the burden of proof at the bond hearing.  Respondents argue that "the burden is on the detainee to demonstrate by a preponderance of the evidence that he is not a flight risk or danger to the community."  (Doc. 4 at 3–4 (citing *Rodriguez-Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) and *Dos Santos v. Becerra*, Case No.: 26-cv-01423-GPC, VET (S.D. Cal. Mar. 23, 2026)).)  Petitioner argues that the correct burden, clear and convincing evidence, must be placed on the Government.  (Doc. 5 at 4–5.)  He argues that *Rodriguez-Diaz* arose in the context of "individuals who had already received initial custody processing," and that the Ninth Circuit has already found the clear and convincing burden appropriate to place on the Government.  (*Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011)).)

The Court finds that Respondents have the better argument here.  *See Rodriguez-Diaz*, 53 F.4th at 1197 ("If at [the § 1226(a)] hearing *the detainee demonstrates by the preponderance of the evidence* that he is not [a flight risk or danger to the community], the IJ will order his release.") (emphasis added).  Additionally, although the Court has previously ordered bond hearings where the burden is on the Government in line with the constitutional holding in *Singh*, *see Zeray v. Warden*, Case No.: 3:26-cv-02344-RBM-DEB, ECF No. 10 (S.D. Cal. May 1, 2026), those cases concerned petitioners detained pursuant to the mandatory detention provisions of § 1225(b).  Petitioner is detained pursuant to § 1226(a); the distinction brings Petitioner within *Rodriguez-Diaz*'s ambit.

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED IN PART**.  To the extent that Petitioner requests to be immediately released from custody, the Petition is **DENIED**.  The Court further **ORDERS** as follows:

---

[1] In light of this finding, the Court does not address the Petition's other grounds for relief.

3:26-cv-03910-RBM-BJW

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge **within seven (7) days** of entry of this Order—unless the noncitizen requests a continuance—to determine whether his continued detention is warranted.

2. The Government **SHALL NOT** deny Petitioner's bond on the basis that his detention is governed by the mandatory detention provision under 8 U.S.C. § 1225(b)(2).

3. The noncitizen **SHALL BEAR** the burden of establishing, by a preponderance of the evidence, that he is not a danger to the community or a risk of flight. If the noncitizen does not request a continuance, and no hearing occurs **within seven (7) days** of entry of this Order, Petitioner shall be released from Respondents' custody.

4. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[2]

5. On or before **August 7, 2026**, Respondents **SHALL FILE** a status report indicating whether Petitioner received a bond hearing, and the outcome of that bond hearing.

**IT IS SO ORDERED**.

DATE:  July 17, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

3:26-cv-03910-RBM-BJW